COMMONWEALTH OF KENTUCKY
702 CAPITOL AVENUE
FRANKFORT, KY 40601
502-564-8639

HENRY, RACHELLE
HEBRON, KY 41048



Δ π EXHIBIT ℺
Deponent Henry
Date 10-7-10 Rptr. PS
WWW.DEPOBOOK.COM

☐ CORRECTED (if checked)

| PAYER'S name, street address, city, state, ZIP code, and telephone no.<br>COMMONWEALTH OF KENTUCKY<br>702 CAPITOL AVENUE<br>FRANKFORT, KY 40601<br>502-564-8639 | 1 Rents | OMB No. 1545-0115<br><br>**2009**<br><br>Form 1099-MISC | **Miscellaneous Income** |
|---|---|---|---|
| | 2 Royalties | | Copy B<br>For Recipient |
| PAYER'S federal identification number  RECIPIENT'S identification number<br>61-0600439 | 3 Other income | 4 Federal income tax withheld | This is important tax information and is being furnished to the Internal Revenue Service. If you are |
| RECIPIENT'S name, street address, city, state, and ZIP code<br>HENRY, RACHELLE<br><br>HEBRON, KY 41048 | 5 Fishing boat proceeds | 6 Medical and health care payments<br>4327202502 | required to file a return, a negligence penalty or other sanction may be imposed on you if |
| | 7 Nonemployee compensation | 8 Substitute payments in lieu of dividends or interest | this income is taxable and the IRS determines that it has not been reported. |
| | 9 Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale ☐ | 10 Crop insurance proceeds | |
| | 11 | 12 | |
| Account number (see instructions)<br>0.00 | 13 Excess golden parachute payments | 14 Gross proceeds paid to an attorney | |
| 15a Section 409A deferrals | 15b Section 409A income | 16 State tax withheld | 17 State/Payer's state no.  18 State income |

Form 1099-MISC                    (keep for your records)                    Department of the Treasury - Internal Revenue Service

## 1099-Misc Instructions for Recipients

**Account number.** May show an account or other unique number the payer assigned to distinguish your account.

Amounts shown may be subject to self-employment (SE) tax. If your net income from self-employment is $400 or more, you must file a return and compute your SE tax on Schedule SE (Form 1040). See Pub. 334 for more information. If no income or social security and Medicare taxes were withheld and you are still receiving these payments, see Form 1040-ES, Estimated Tax for Individuals. Individuals must report as explained for box 7 below return.

**Boxes 1 and 2.** Report rents from real estate on Schedule E (Form 1040). If you provided significant services to the tenant, sold real estate as a business, rented personal property as a business, or you and your spouse elected to be treated as a qualified joint venture, report on Schedule C or C-EZ (Form 1040). For royalties on timber, coal, and iron ore, see Pub. 544.

**Box 3.** Generally, report this amount on the "Other income" line of Form 1040 and identify the payment. The amount shown may be payments received as the beneficiary of a deceased employee, prizes, awards, taxable damages, Indian gaming profits, payments from a former employer because you are serving in the Armed Forces or the National Guard for a period of 30 or fewer days, or other taxable income. See Pub. 525. If it is trade or business income, report this amount on Schedule C, C-EZ, or F (Form 1040).

**Box 4.** Shows backup withholding or withholding on Indian gaming profits. Generally, a payer must backup withhold at a 28% rate if you did not furnish your taxpayer identification number. See Form W-9, Request for Taxpayer Identification Number and Certification, and Pub. 505, for more information. Report this amount on your income tax return as tax withheld.

**Box 5.** An amount in this box means the fishing boat operator considers you self-employed. Report this amount on Schedule C or C-EZ (Form 1040). See Pub. 334.

**Box 6.** For individuals, report on Schedule C or C-EZ (Form 1040).

**Box 7.** Shows nonemployee compensation. If you are in the trade or business of catching fish, box 7 may show cash you received for the sale of fish. If payments in this box are

SE income, report this amount on Schedule C, C-EZ, or F (Form 1040), and complete Schedule SE (Form 1040). You received this form instead of Form W-2 because the payer did not consider you an employee and did not withhold income tax or social security and Medicare tax. Contact the payer if you believe this form is incorrect or has been issued in error. If you believe you are an employee and cannot get this form corrected, report the amount from box 7 on Form 1040, line 7 (Form 1040 NR, line 8). You must also complete and attach to your return Form 8919, Uncollected Social Security and Medicare Tax on Wages.

**Box 8.** Shows substitute payments in lieu of dividends or tax-exempt interest received by your broker on your behalf as a result of a loan of your securities. Report on the "Other income" line of Form 1040.

**Box 9.** If checked, $5,000 or more of sales of consumer products was paid to you on a buy-sell, deposit-commission, or other basis. A dollar amount does not have to be shown. Generally, report any income from your sale of these products on Schedule C or C-EZ (Form 1040).

**Box 10.** Report this amount on line 8 of Schedule F (Form 1040).

**Box 13.** Shows your total compensation of excess golden parachute payments subject to a 20% excise tax. See the Form 1040 instructions for where to report.

**Box 14.** Shows gross proceeds paid to an attorney in connection with legal services. Report only the taxable part as income on your return.

**Box 15a.** May show current year deferrals as a nonemployee under a nonqualified deferred compensation (NQDC) plan that is subject to the requirements of section 409A, plus any earnings on current and prior year deferrals.

**Box 15b.** Shows income as a nonemployee under an NQDC plan that does not meet the requirements of section 409A. This amount is also included in box 7 as nonemployee compensation. Any amount included in box 15b that is currently taxable is also included in this box. This income is also subject to a substantial additional tax to be reported on Form 1040, See "Total Tax" in the Form 1040 instructions.

**Boxes 16-18.** Shows state or local income tax withheld from the payments.

RH 000400

# UNITED STATES DISTRICT COURT
## EASTERN DIVISION OF KENTUCKY
### COVINGTON DIVISION

| | |
|---|---|
| **RACHELLE HENRY** | : Case No. 2:10-cv-00009 |
| | : |
| Plaintiff, | : Judge Bertelsman |
| | : |
| v. | : **PLAINTIFF'S RESPONSE TO** |
| | : **DEFENDANT'S FIRST REQUEST** |
| **DELTA AIRLINES, INC.** | : **FOR PRODUCTION OF DOCUMENTS** |
| | : |
| Defendant. | : |

## GENERAL OBJECTIONS

1.      Plaintiff objects generally to Defendant's Request for Documents on the grounds and to the extent it requires her to reveal the mental impressions and legal strategies of her attorneys which are protected from disclosure by the work product doctrine.

2.      Plaintiff objects generally to Defendant's Request for Documents insofar as Defendant seeks documents that are protected by attorney-client privilege.

3.      Plaintiff objects generally to the instructions of this Request for Documents insofar as they go beyond what is required by the Federal Rules of Civil Procedure.

4.      All answers and responses made herein and documents produced are without waiver of any objection as to the admissibility of the discovered evidence and materials, or any provision or privilege provided by the Federal Rules of Civil Procedure and other applicable law.

5.      No attorney-client privileged or attorney work-product documents shall be produced.  To the extent that any privileged document is provided, it shall not constitute a waiver of the privilege as to any other document.

6.      Plaintiff reserves the right to object to the use of any document provided pursuant to this discovery request in any subsequent proceeding or in the trial of this or any other action on any grounds.



7.    Plaintiff reserves the right to object on any ground at any time to a demand for further responses to these document requests or to further document requests.

8.    Plaintiff reserves the right at any time to revise, correct, add to or clarify any of the answers, responses or objections herein.

9.    Many of the documents produced herewith are related and relevant to several of the individual requests for documents. By producing documents in response to a particular request, Plaintiff does not intend to restrict the relevance of any documents to any particular issues in this litigation.

10.    The documents produced herewith were located after a diligent search for responsive documents.

11.    Plaintiff is not producing herewith any correspondence between Plaintiff's attorneys and Defendant, or between Plaintiff's attorneys and Defendant's attorneys, even if responsive to one or more requests herein, as these documents are already in Defendant's possession. Plaintiff will produce additional copies of any such correspondence if requested specifically after receipt of this response.

12.    Plaintiff will supplement this document production to the extent required by the Civil Rules should circumstances so warrant.

## DOCUMENT REQUESTS

REQUEST FOR PRODUCTION NO. 1

All documents consulted, referred to, reviewed or relied upon in preparing Plaintiff's responses to Defendant's First Interrogatories in this case.

**RESPONSE: Objection. Plaintiff objects to this Document Request as it is overly broad, vague, and calls for attorney work product and documents protected from discovery by attorney-client privilege. Without waiving the foregoing objections, responsive documents are produced herewith.**

REQUEST FOR PRODUCTION NO. 2

All documents which refer to or evidence any discussions, other than those which are privileged, which Plaintiff has had with any individual concerning: (a) the fact that Plaintiff is suing Defendant; (b) Plaintiff's claims or beliefs that she was injured as alleged in the Complaint.

**RESPONSE: There are no documents responsive to this Document Request.**

REQUEST FOR PRODUCTION NO. 3

All documents that refer to, evidence or contain information, including communications or meetings between Plaintiff and any employee or agent of Delta, about or concerning the circumstances surrounding the boarding of Flight 1213 on June 8, 2008, her suspension on August 5, 2008, and the subsequent termination of his employment, including any diaries, journals or other personal records of correspondence maintained by Plaintiff.

**RESPONSE: Objection. Plaintiff objects to this Document Request as it is overly broad, vague, and calls for attorney work product and documents protected from discovery by attorney-client privilege. Without waiving the foregoing objections, responsive documents are produced herewith.**

REQUEST FOR PRODUCTION NO. 4

All documents that refer to, evidence or contain any communications between current or former Delta employees and Plaintiff concerning alleged discriminatory or otherwise unlawful actions by Delta.

**RESPONSE: Responsive documents are produced herewith.**

REQUEST FOR PRODUCTION NO. 5

All documents, other than those produced in response to the previous requests, relating in any way to the allegations in the Complaint.

**RESPONSE: Objection. Plaintiff objects to this Document Request as it is overly broad, vague, and calls for attorney work product and documents protected from discovery by attorney-client privilege. Without waiving the foregoing objections, responsive documents are produced herewith.**

REQUEST FOR PRODUCTION NO. 6

All resumes, applications and related documents Plaintiff has provided or sent to any potential employer since and including January 1, 2008.

**RESPONSE: Responsive documents will be produced.**

REQUEST FOR PRODUCTION NO. 7

All documents evidencing or reflecting Plaintiff's efforts to obtain employment since and including January 1, 2008, including, but not limited to, correspondence with prospective employers and employment agencies, referral letters, letters of recommendation, applications for

employment, job advertisements, and any responses received by Plaintiff from any prospective

employer or employment agency.

**RESPONSE:**  **Responsive documents will be produced.**

REQUEST FOR PRODUCTION NO. 8

All documents evidencing, containing or reflecting any offers of employment made to

Plaintiff since and including January 1, 2008.

**RESPONSE:**  **Responsive documents are produced herewith.**

REQUEST FOR PRODUCTION NO. 9

All documents evidencing or reflecting employment, other than at Delta, held by Plaintiff

since and including August 1, 2008, including all pay stubs.

**RESPONSE:**  **Responsive documents will be produced.**

REQUEST FOR PRODUCTION NO. 10

All documents evidencing or reflecting any self-employment by Plaintiff since and

including August 1, 2008.

**RESPONSE:**  **There are no documents responsive to this Document Request.**

REQUEST FOR PRODUCTION NO. 11

All documents reflecting the amount or source of Plaintiff's income or other

compensation, including, but not limited to, earnings or income from any business, since and

including January 2006.

**RESPONSE:  Plaintiff will produce her W-2 and 1099 forms for the requested years.**

REQUEST FOR PRODUCTION NO. 12

Plaintiff's federal tax returns for all years since and including 2006.

**RESPONSE:  Objection.  Plaintiff"s tax records, other than W-2 or 1099 forms that reflect
her earned wages are not relevant and contain private information.  Without
waiving the objections, Plaintiff states that she will produce any W-2 and
1099 forms which reflect her earned income.**

REQUEST FOR PRODUCTION NO. 13

All W-2 and 1099 forms for Plaintiff for calendar years since and including 2006.

**RESPONSE:  Responsive documents will be produced.**

REQUEST FOR PRODUCTION NO. 14

All documents submitted by Plaintiff or others acting on Plaintiff's behalf to, or received

by Plaintiff or others acting on Plaintiff's behalf from, the Equal Employment Opportunity

Commission or any other Federal, State or local governmental agency pertaining to any charges

of discrimination filed by Plaintiff.

**RESPONSE:  Responsive documents are produced herewith.**

REQUEST FOR PRODUCTION NO. 15

An original, executed medical release, attached to this Request as Exhibit A.

**RESPONSE:** **Plaintiff objects to executing Defendant's medical release authorization. Plaintiff has requested her medical files from each individual identified in response to Interrogatory No. 14 and will produce all relevant documentation contained in the files.**

REQUEST FOR PRODUCTION NO. 16

All documents reflecting or evidencing any engagement of any person to act as an

attorney for Plaintiff, as alleged in paragraph (f) of the WHEREFORE section of Plaintiff's

Complaint, including but not limited to any contracts and fee arrangements between Plaintiff and

such attorney, and any bills or invoices provided to Plaintiff by such attorney.

**RESPONSE:** **Objection. This Document Request seeks information that is protected by the work product doctrine and/or seeks attorney-client privilege.**

REQUEST FOR PRODUCTION NO. 17

Plaintiff's financial records, including bank statements, covering the time period January

1, 2006 to the present.

**RESPONSE:** **Objection. This request is over broad, not reasonably calculated to lead to the discovery of admissible evidence and seeks information private, personal information which bears no relevance to the material issues of this case.**

REQUEST FOR PRODUCTION NO. 18

All documents referencing or supporting Plaintiff's contention that male employees

engaged in "the conduct Defendant alleges Plaintiff engaged in," as alleged in Paragraph 26 of

the Complaint.

**RESPONSE:** Objection.  This Document Request is overly broad, vague, and improperly calls for attorney analysis, work product, and confidential documents protected from discovery by attorney-client privilege.  Further, Plaintiff has not determined all of the documents that support the allegations contained Plaintiff's Complaint because discovery has not been completed in this matter.  Without waiving the foregoing objections, Plaintiff will produce all responsive, non-privileged documents to the extent that they are in her possession and relate to the allegations contained in her Complaint.  Additional documents exchanged in the course of discovery may also support her allegations.

REQUEST FOR PRODUCTION NO. 19

All documents referencing or supporting Plaintiff's contention that Delta has treated Plaintiff differently than similarly situated male employees, as alleged in Paragraph 28 of the Complaint.

**RESPONSE:** Objection.  This Document Request is overly broad, vague, and improperly calls for attorney analysis, work product, and confidential documents protected from discovery by attorney-client privilege.  Further, Plaintiff has not determined all of the documents that support the allegations contained Plaintiff's Complaint because discovery has not been completed in this matter.  Without waiving the foregoing objections, Plaintiff will produce all responsive, non-privileged documents to the extent that they are in her possession and relate to the allegations contained in her Complaint.  Additional documents exchanged in the course of discovery may also support her allegations.

REQUEST FOR PRODUCTION NO. 20

All documents referencing or discussing Plaintiff's Delta employment or events that happened during Plaintiff's Delta employment.

**RESPONSE:** Objection.  This Document Request is overly broad, vague, and improperly calls for attorney analysis, work product, and confidential documents protected from discovery by attorney-client privilege.  Without waiving the foregoing objections, Plaintiff will produce all responsive, non-privileged documents to the extent that they are in her possession.

REQUEST FOR PRODUCTION NO. 21

All documents referencing or supporting Plaintiff's contention that Delta discriminated

against her because of her gender, as alleged in the Complaint.

**RESPONSE: Objection. This Document Request is overly broad, vague, and improperly
calls for attorney analysis, work product, and confidential documents
protected from discovery by attorney-client privilege. Further, Plaintiff has
not determined all of the documents that support the allegations contained
Plaintiff's Complaint because discovery has not been completed in this
matter. Without waiving the foregoing objections, Plaintiff will produce all
responsive, non-privileged documents to the extent that they are in her
possession and relate to the allegations contained in her Complaint.
Additional documents exchanged in the course of discovery may also support
her allegations.**

REQUEST FOR PRODUCTION NO. 22

All documents referencing or supporting Plaintiff's contention that Delta breached

Kentucky public policy, as alleged in the Complaint.

**RESPONSE: Objection. This Document Request is overly broad, vague, and improperly
calls for attorney analysis, work product, and confidential documents
protected from discovery by attorney-client privilege. Further, Plaintiff has
not determined all of the documents that support the allegations contained
Plaintiff's Complaint because discovery has not been completed in this
matter. Without waiving the foregoing objections, Plaintiff will produce all
responsive, non-privileged documents to the extent that they are in her
possession and relate to the allegations contained in her Complaint.
Additional documents exchanged in the course of discovery may also support
her allegations.**

REQUEST FOR PRODUCTION NO. 23

To the extent not already produced, all documents that Plaintiff believes support any

aspect of her claims or damages in this lawsuit, or that may lead to the discovery of such

materials.

**RESPONSE: Objection. Plaintiff objects to this Document Request as it is overly broad,
vague, and calls for attorney work product and documents protected from**

discovery by attorney-client privilege.  Without waiving the foregoing objections, responsive documents are produced herewith

Respectfully submitted,

/s/ Heather M. Schisler
Kelly Mulloy Myers (86727)
Heather M. Schisler (90187)
Attorneys for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH 45202
PH: (513) 721-1975
FX: (513) 651-2570
*kmyers@frekingandbetz.com*
*hschisler@frekingandbetz.com*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel for Defendant as follows:  David T. Croall, Esq., Porter Wright Morris & Arthur LLP, 250 East Fifth Street, Suite 2200, Cincinnati, OH 45202 via electronic mail, this 23rd day of August, 2010.

/s/ Heather M. Schisler

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

RACHELLE HENRY                                :    Case No. 2:10-cv-00009
                                              :
            Plaintiff,                        :
                                              :    Judge Bertelsman
     v.                                       :
                                              :    **PLAINTIFF'S RULE 26 (a)(1)**
DELTA AIRLINES, INC.                          :    **INITIAL DISCLOSURES**
                                              :
            Defendant.                        :

     In accordance with Federal Rule of Civil Procedure 26(a)(1), the following disclosures are made to Defendant:

I.    **INDIVIDUALS WITH KNOWLEDGE**

     At this time, Plaintiff believes that the following persons may have discoverable information relevant to the disputed facts alleged in the Complaint. Addresses and phone numbers are presumed to be known by Defendant as most are current or former employees or clients of Defendant.

     1.   Plaintiff **Rachelle Henry** - Plaintiff has knowledge concerning all matters relevant to the allegations contained in her Complaint. Plaintiff also has knowledge concerning the damages that she has suffered.

     2.   **George Gergits** - Mr. Gergits, Supervisor ACS, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

     3.   **Richard H. Anderson** - Mr. Anderson, CEO, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.



Δ **EXHIBIT** 23
Deponent *Henry*
Date *10-7-10* Rptr. *25*
WWW.DEPOBOOK.COM

4. **Mike Campbell -** Mr. Campbell, Vice President of Human Resources, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

5. **Sue Barnhart -** Ms. Barnhart, co-worker, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

6. **Harold Christiansen -** Mr. Christiansen, Lead Agent, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

7. **Dennis Sauerhage -** Mr. Sauerhage, former Leadership peer, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

8. **Ron Zimmerman -** Mr. Zimmerman, Agent, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

9. **Wendy Van Winkle-** Ms. Van Winkle may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

10. **Barry Erb -** Mr. Erb, direct supervisor to Wendy Van Winkle, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

11. **Gary Schmidberger -** Mr. Schmidberger, Manager of Airport Operations, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties.

2

Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

12. **Rick Cropenbaker -** Mr. Cropenbaker, Lead Agent, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

13. **Deb Kircher -** Ms. Kircher, local head of Human Resources, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

14. **Sam Tuminello -** Mr. Tuminello, Performance Leader, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

15. **Tammy Mauer -** Ms. Tammy Mauer, RPU Investigator, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

16. **Beth Johnston -** Ms. Johnston, Senior Vice President Human Resources, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

17. **Cynthia PerLee -** Ms. PerLee, Vice President FLDHR & OGGFF, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

18. **Lisa Abraham Brown -** Ms. Abraham Brown, Director Human Resources Airport Customer Service, may have knowledge of Plaintiff's job, the way

3

Plaintiff performed her duties, Defendant's policies and procedures, and the
allegations contained in Plaintiff's Complaint.

19.     **Kelly Marchant -** Ms. Marchant, Human Resources Regional Manager, may have
knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's
policies and procedures, and the allegations contained in Plaintiff's Complaint.

20.     **Deborah Kircher -** Ms. Kircher, Human Resources Generalist Cincinnati, may
have knowledge of Plaintiff's job, the way Plaintiff performed her duties,
Defendant's policies and procedures, and the allegations contained in Plaintiff's
Complaint.

21.     **Paul Blair -** Mr. Blair, Field Director Airport Customer Service, may have
knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's
policies and procedures, and the allegations contained in Plaintiff's Complaint.

22.     **Kevin Clark -** Mr. Kevin Clark, upcoming retiree, may have knowledge of
Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and
procedures, and the allegations contained in Plaintiff's Complaint.

23.     **Gary Bowman -** Mr. Bowman, upcoming retiree, may have knowledge of
Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and
procedures, and the allegations contained in Plaintiff's Complaint.

24.     **Paul Bowmann -** Mr. Bowmann, upcoming retiree, may have knowledge of
Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and
procedures, and the allegations contained in Plaintiff's Complaint.

25.     **Pae Caudill -** Ms. Caudill, Lead, may have knowledge of Plaintiff's job, the way
Plaintiff performed her duties, Defendant's policies and procedures, and the
allegations contained in Plaintiff's Complaint.

4

26. **Joanne Stefan** - Ms. Stefan, Lead, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

27. **Patsy Zimmerman** - Ms. Zimmerman, Lead, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

28. **Mike Murphy** - Mr. Murphy, Performance Leader, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

29. **Greg Kuhn** - Mr. Kuhn, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

30. **Jodi Beeman** - Ms. Beeman, CVG/SR, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

31. **Libbey Smith** - Ms. Smith, CVG/SR, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

32. **K.E. Carbone** - Mr. Carbone, Performance Leader, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

33. **Carol Zupancic** - Ms. Zupancic, Field Director Airport Customer Service, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties,

5

Defendant's policies and procedures, and the allegations contained in Plaintiff's
Complaint.

34.   **Charles Daniels -** Mr. Daniels, Team Leader, may have knowledge of Plaintiff's
job, the way Plaintiff performed her duties, Defendant's policies and procedures,
and the allegations contained in Plaintiff's Complaint.

35.   **Dan Woodruff -** Mr. Woodruff may have knowledge of Plaintiff's job, the way
Plaintiff performed her duties, Defendant's policies and procedures, and the
allegations contained in Plaintiff's Complaint.

36.   **Fred Walker -** Mr. Walker may have knowledge of Plaintiff's job, the way
Plaintiff performed her duties, Defendant's policies and procedures, and the
allegations contained in Plaintiff's Complaint.

37.   **Dr. Christopher Rawlings -** Dr. Rawlings may have knowledge regarding
Plaintiff's health post termination.

To the extent not previously named, Plaintiff reserves the right to identify additional
individuals as discovery progresses and to call any witness named by another party and/or
individuals identified by Defendant in its response to Plaintiff's discovery requests and initial
disclosures.

II.   **RELEVANT DOCUMENTS**

Plaintiff identifies the following documents that are relevant to the allegations contained
in Plaintiff's Complaint and that are in her possession, custody and/or control:

- EEOC file;
- Defendant's benefit documents;
- Unemployment information;
- Performance evaluations; and

6

• Documents received during the course of Plaintiff's employment with Defendant.

## III.    CALCULATION OF DAMAGES

1. Preliminary cost of lost pay from the date Plaintiff was put on an unpaid suspension, August 5, 2008 through the date of trial (estimated August 29, 2011), is $148,420. This calculation is based on Plaintiff's estimated annual salary of $36,400 and benefits calculated at 33 percent of Plaintiff's salary;

2. Lost benefits in an amount to be determined;

3. Front pay;

4. Compensatory damages to be calculated by the jury;

5. Punitive damages, to be calculated by the jury; and

6. Estimated attorneys' fees and costs through trial in excess of $150,000.00

## IV.    CERTIFICATE

I hereby certify that to the best of my knowledge, information and belief formed after a reasonably inquiry, the disclosures made herein are complete and correct as of the time they are made.

Respectfully submitted,


/s/ Kelly Mulloy Myers
Heather M. Schisler (90187)
Randolph H. Freking (23509)
Kelly Mulloy Myers (86727)
Trial Attorneys for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, 6th Floor
Cincinnati, OH 45202
(513) 721-1975/fax: (513) 651-2570
hschisler@frekingandbetz.com
randy@frekingandbetz.com
kmyers@frekingandbetz.com

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel for Defendant as follows:  David T. Croall, Esq., Porter Wright Morris & Arthur LLP, 250 East Fifth Street, Suite 2200, Cincinnati, OH  45202 and Kelly K. Giustina, Delta Airlines, Inc., Department 981, 1030 Delta Boulevard, Atlanta, GA 30354 via U.S. Mail, this 28th day of June, 2010.

/s/ Kelly Mulloy Myers

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT COVINGTON**

RACHELLE HENRY            :     Case No. 2:10-cv-00009
                               :
            Plaintiff,        :     Judge Bertelsman
                               :
       v.                   :
                               :     **PLAINTIFF'S RULE 26 (a)(1)**
DELTA AIRLINES, INC.       :     **INITIAL DISCLOSURES**
                               :
            Defendant.

In accordance with Federal Rule of Civil Procedure 26(a)(1), the following disclosures are made to Defendant:

## I.    INDIVIDUALS WITH KNOWLEDGE

At this time, Plaintiff believes that the following persons may have discoverable information relevant to the disputed facts alleged in the Complaint. Addresses and phone numbers are presumed to be known by Defendant as most are current or former employees or clients of Defendant.

1.    Plaintiff **Rachelle Henry** - Plaintiff has knowledge concerning all matters relevant to the allegations contained in her Complaint. Plaintiff also has knowledge concerning the damages that she has suffered.

2.    **George Gergits** - Mr. Gergits, Supervisor ACS, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

3.    **Richard H. Anderson** - Mr. Anderson, CEO, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.



Δ EXHIBIT 24
Deponent Henry
Date 10-7-1Q Rptr. LJ
WWW.DEPOBOOK.COM

4.  **Mike Campbell -** Mr. Campbell, Vice President of Human Resources, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

5.  **Sue Barnhart -** Ms. Barnhart, co-worker, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

6.  **Harold Christiansen -** Mr. Christiansen, Lead Agent, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

7.  **Dennis Sauerhage -** Mr. Sauerhage, former Leadership peer, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

8.  **Ron Zimmerman -** Mr. Zimmerman, Agent, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

9.  **Wendy Van Winkle-** Ms. Van Winkle may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

10. **Barry Erb -** Mr. Erb, direct supervisor to Wendy Van Winkle, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

11. **Gary Schmidberger -** Mr. Schmidberger, Manager of Airport Operations, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties,

Defendant's policies and procedures, and the allegations contained in Plaintiff's
Complaint.

12. **Rick Cropenbaker** - Mr. Cropenbaker, Lead Agent, may have knowledge of
Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and
procedures, and the allegations contained in Plaintiff's Complaint.

13. **Deb Kircher** - Ms. Kircher, local head of Human Resources, may have
knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's
policies and procedures, and the allegations contained in Plaintiff's Complaint.

14. **Sam Tuminello** - Mr. Tuminello, Performance Leader, may have knowledge of
Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and
procedures, and the allegations contained in Plaintiff's Complaint.

15. **Tammy Mauer** - Ms. Tammy Mauer, RPU Investigator, may have knowledge of
Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and
procedures, and the allegations contained in Plaintiff's Complaint.

16. **Beth Johnston** - Ms. Johnston, Senior Vice President Human Resources, may
have knowledge of Plaintiff's job, the way Plaintiff performed her duties,
Defendant's policies and procedures, and the allegations contained in Plaintiff's
Complaint.

17. **Cynthia PerLee** - Ms. PerLee, Vice President FLDHR & OGGFF, may have
knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's
policies and procedures, and the allegations contained in Plaintiff's Complaint.

18. **Lisa Abraham Brown** - Ms. Abraham Brown, Director Human Resources
Airport Customer Service, may have knowledge of Plaintiff's job, the way

Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

19. **Kelly Marchant -** Ms. Marchant, Human Resources Regional Manager, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

20. **Paul Baird -** Mr. Baird, Field Director Airport Customer Service, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

21. **Kevin Clark -** Mr. Kevin Clark, upcoming retiree, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

22. **Gary Bowman -** Mr. Bowman, upcoming retiree, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

23. **Paul Bowmann -** Mr. Bowmann, upcoming retiree, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

24. **Pae Caudill -** Ms. Caudill, Lead, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

25. **Joanne Stefan -** Ms. Stefan, Lead, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

26. **Patsy Zimmerman** - Ms. Zimmerman, Lead, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

27. **Mike Murphy -** Mr. Murphy, Performance Leader, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

28. **Greg Kuhn -** Mr. Kuhn, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

29. **Jodi Beeman -** Ms. Beeman, CVG/SR, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

30. **Libbey Smith -** Ms. Smith, CVG/SR, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

31. **K.E. Carbone -** Mr. Carbone, Performance Leader, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

32. **Carol Zupancic -** Ms. Zupancic, Field Director Airport Customer Service, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

33. **Charles Daniels** - Mr. Daniels, Team Leader, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

34. **Dan Woodruff -** Mr. Woodruff may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

35. **Fred Walker -** Mr. Walker may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

36. **Dr. Christopher Rawlings -** Dr. Rawlings may have knowledge regarding Plaintiff's health post termination.

37. **Norm Belt -** Mr. Belt may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

38. **Kelly Bennett -** Ms. Bennett, Lead Agent, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

39. **Jeanie Bretschnieder -** Ms. Bretschnieder may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

40. **Anthony Clark -** Mr. Clark may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

41. **Jim Davis -** Mr. Davis, Supervisor, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

42. **Patty Delaney -** Mr. Delaney, Trainer, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

43. **Julie Donahue -** Ms. Donahue may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

44. **Shelly Duncan -** Ms. Duncan may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

45. **Tatia Eckerle -** Ms. Eckerle may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

46. **Pam Flischel -** Ms. Flischel may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

47. **Mike Gardner -** Mr. Gardner may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

48. **Sylvia Givens -** Ms. Givens may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

7

49.    **Jane Hagemam** - Ms. Hagemam, Retiree, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

50.    **Hillary Hill** - Ms. Hill, Supervisor, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

51.    **Spencer Hill** - Mr. Hill, Supervisor, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

52.    **Christine Hughes** - Ms. Hughes may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

53.    **Lisa Hummel** - Ms. Hummel may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

54.    **Carol Isler** - Ms. Isler may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

55.    **Kelly Kendall** - Ms. Kendall may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

56.    **Vicki Mason** - Ms. Mason may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

8

57.   **Kathy Nantz -** Ms. Nantz may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

58.   **Chris Noble -** Mr. Noble, Lead, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

59.   **Ron Padin -** Mr. Padin may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

60.   **Pete Rivera -** Mr. Rivera may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

61.   **Kelly Singleton -** Ms. Singleton may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

62.   **Basol Singleton -** Mr. Singleton may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

63.   **Lori Skala -** Ms. Skala may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

64.   **Teresa Stuntebeck -** Ms. Stuntebeck may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

65. **Shelly Tudor** - Ms. Tudor, Lead, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

66. **Joelle Wilcher** - Ms. Wilcher may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

67. **Barb Zilch** - Ms. Zilch, Former employee, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

68. **Lonnie Boden** - Mr, Boden may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

69. **Phyllis Gehring** - Ms. Gehring, Retiree, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

70. **Joetta Schmitt** - Ms. Schmitt may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

71. **Virginia Hammer** - Ms. Hammer, Supervisor, may have knowledge of Plaintiff's job, the way Plaintiff performed her duties, Defendant's policies and procedures, and the allegations contained in Plaintiff's Complaint.

To the extent not previously named, Plaintiff reserves the right to identify additional individuals as discovery progresses and to call any witness named by another party and/or

individuals identified by Defendant in its response to Plaintiff's discovery requests and initial disclosures.

## II.   RELEVANT DOCUMENTS

Plaintiff identifies the following documents that are relevant to the allegations contained in Plaintiff's Complaint and that are in her possession, custody and/or control:

- EEOC file;
- Defendant's benefit documents;
- Unemployment information;
- Performance evaluations; and
- Documents received during the course of Plaintiff's employment with Defendant.

## III.   CALCULATION OF DAMAGES

1. Preliminary cost of lost pay from the date Plaintiff was put on an unpaid suspension, August 5, 2008 through the date of trial (estimated August 29, 2011), is $148,420. This calculation is based on Plaintiff's estimated annual salary of $36,400 and benefits calculated at 33 percent of Plaintiff's salary;

2. Lost benefits in an amount to be determined;

3. Front pay;

4. Compensatory damages to be calculated by the jury;

5. Punitive damages, to be calculated by the jury; and

6. Estimated attorneys' fees and costs through trial in excess of $150,000.00

## IV.   CERTIFICATE

I hereby certify that to the best of my knowledge, information and belief formed after a reasonably inquiry, the disclosures made herein are complete and correct as of the time they are made.

Respectfully submitted,


/s/ Heather M. Schisler
Heather M. Schisler (90187)
Randolph H. Freking (23509)
Kelly Mulloy Myers (86727)
Trial Attorneys for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, 6th Floor
Cincinnati, OH 45202
(513) 721-1975/fax: (513) 651-2570
*hschisler@frekingandbetz.com*
*randy@frekingandbetz.com*
*kmyers@frekingandbetz.com*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel for Defendant as follows: David T. Croall, Esq., Porter Wright Morris & Arthur LLP, 250 East Fifth Street, Suite 2200, Cincinnati, OH 45202, *dcroall@porterwright.com* via e-mail, this 12th day of July, 2010.

/s/ Heather M. Schisler


12